# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6029 | **DATE** | 10/11/2012 |
| **CASE TITLE** | Cedric Lewis Outlaw (#2012-0515044) v. Cook County Department of Coercions | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed IFP application or pre-pay the $350 filing fee, and (2) submit an amended complaint that complies with this order. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Cedric Lewis Outlaw, currently incarcerated at the Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983. Naming the Cook County Department of Corrections as the sole Defendant, Plaintiff alleges that he was assaulted by another inmate on January 6, 2012, that he suffered head and back injuries, and that he was treated at the health care unit. He seeks compensation for the jail's negligence with allowing the attack.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His IFP application, however, is incomplete, as it includes neither a copy of his jail trust fund account for a six-month period preceding his filing of this complaint nor a completed certificate from an authorized officer. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants the IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff's application must include a completed certificate from an authorized officer stating the amount in Plaintiff's account and "a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Although Plaintiff's application states "refused" on the signature line for the certificate, Plaintiff must attempt again to obtain a signature and copy of his jail trust fund account statement. To proceed with this case, Plaintiff must, within 30 days of the date of this order, either pre-pay the $350 filing fee os submit a completed IFP application. His failure to satisfy the filing fee requirement within 30 days will result in the dismissal of this case. *See* N.D. Local Rule 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Additionally, Plaintiff's complaint fails to state a claim upon which relief can be granted. First, Plaintiff names the jail as the only Defendant. The Cook County Department of Corrections, however, is not a suable entity and cannot be named as Defendant. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). The Court dismisses the Cook County Department of Corrections as a party to this suit. Second, Plaintiff at most alleges negligence, which is a state-law claim. To support a federal suit, Plaintiff must allege facts that would establish that a Defendant acted with deliberate indifference to Plaintiff's safety, i.e., that an officer actually knew of a specific risk of harm to Plaintiff but disregarded that risk. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.")

      Accordingly, the complaint is dismissed. Although it appears from the complaint that Plaintiff's attack, though unfortunate, involved at most only negligence on the part of jail officers, Plaintiff will be given an opportunity to submit an amended complaint, if he has a valid claim of deliberate indifference. The clerk shall forward an amended complaint form. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case. Also, Plaintiff must include a judge's copy and a service copy for each named Defendant.

      Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or pre-pay the $350 filing fee, and (2) submit an amended complaint that both names a suable party and that states a valid federal claim for relief. Failure to comply with this order will result in summary dismissal of this case.